UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Rome

OCT 2 0 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

Common Cause/Georgia,
League of Women Voters of
Georgia, Inc.,
The Central Presbyterian
Outreach and Advocacy Center,
Inc.,
Georgia Association of Black
Elected Officials, Inc.,
The National Association for the
Advancement of Colored People (NAACP),
Inc., through its Georgia State
Conference of Branches,
Georgia Legislative Black Caucus,
Concerned Black Clergy of Metropolitan
Atlanta, Inc., and the following
qualified and registered voters under
Georgia law:
Mr. Tony Watkins and
Mrs. Clara Williams,

     Plaintiffs,

v.

CIVIL ACTION FILE
NO. 4:05-CV-0201-HLM

Ms. Evon Billups, Superintendent
of Elections for the Board of
Elections and Voter Registration
for Floyd County and the City
of Rome, Georgia,
Ms. Tracy Brown, Superintendent
of Elections of Bartow County,
Georgia,
Mr. Gary Petty, Ms. Michelle
Hudson, Ms. Amanda Spencer, Mr.
Ron McKelvey, and Ms. Nina
Crawford, members of the Board
of Elections and Registration of
Catoosa County, Georgia,
Judge John Payne, Superintendent
of Elections of Chattooga County,
Georgia,
Ms. Shea Hicks, Superintendent of

1

Elections for Gordon County,
Georgia,
Ms. Jennifer A. Johnson,
Superintendent of Elections for
Polk County, Georgia,
Mr. Sam Little, Superintendent of
Elections for Whitfield County,
Georgia, individually and in their
respective official capacities as
superintendents or members of the
elections boards in their individual
counties, and as class representatives
under Federal Rule of Civil Procedure
22(b)(1) and (b)(2) of a class
consisting of all superintendents and
members of city and county boards of
elections throughout the State of
Georgia, and
Honorable Cathy Cox, individually and
in her official capacities as
Secretary of State of Georgia and
Chair of the Georgia Elections Board,

     Defendants.

## ORDER

This is a case challenging Georgia's photographic identification ("Photo ID") requirement for voting established by House Bill 244 ("HB 244"). The case is before the Court on State Defendants' Motion to Stay Preliminary Injunction [48].

## I.   Background

### A.   Factual Background and Plaintiffs' Allegations

The Court's October 18, 2005, Order sets forth the factual background relevant to State Defendants' Motion to Stay Preliminary Injunction and Plaintiffs' allegations. The

2

Court therefore incorporates Parts I.A. through G. of its October 18, 2005, Order into this Order as if fully set forth herein.

## B.   Procedural Background

On September 19, 2005, Plaintiffs filed this lawsuit. Plaintiffs assert that the Photo ID requirement violates the Georgia Constitution, is a poll tax that violates the Twenty-fourth Amendment and the Equal Protection Clause, unduly burdens the fundamental right to vote, violates the Civil Rights Act of 1964, and violates Section 2 of the Voting Rights Act.

On September 19, 2005, Plaintiffs requested that the Court schedule a preliminary injunction hearing.  On that same day, the Court entered an Order scheduling a preliminary injunction hearing for October 12, 2005.  (Order of Sept. 19, 2005.)

On October 6, 2005, Plaintiffs filed a formal Motion for Preliminary Injunction.  On October 7, 2005, Secretary of State Cox filed a Motion to Dismiss Individual Capacity Claims.   On October 11, 2005, individual Plaintiff Tony Watkins filed a Stipulation of Dismissal Without Prejudice of his claims.  Finally, on October 12, 2005, Plaintiffs filed their First Amendment to Complaint, which addressed the issue of standing for the organizational Plaintiffs.

3

On October 12, 2005, the Court held a hearing with respect to Plaintiffs' Motion for Preliminary Injunction. During the October 12, 2005, hearing, the parties presented evidence and arguments in support of their respective positions. On October 18, 2005, the Court entered an Order granting Plaintiffs' Motion for Preliminary Injunction and enjoining Defendants in their individual and official capacities from enforcing or applying the 2005 amendment to O.C.G.A. § 21-2-417 (Act No. 53, Section 59), which requires voters to present a Photo ID as a pre-condition to in-person voting in Georgia, and from denying Plaintiffs or any other registered voter in Georgia admission to the polls, a ballot, or the right to cast their ballots and to have their ballots counted in any special, general, run off, or referenda election in the State of Georgia because of their failure or refusal to present a Photo ID. (Order of Oct. 18, 2005, at 122-123.) On October 19, 2005, the Court entered an Order denying Secretary of State Cox's Motion to Dismiss Individual Capacity Claims. (Order of Oct. 19, 2005.)

On October 19, 2005, State Defendants filed a Motion to Stay Preliminary Injunction. State Defendants request that the Court enter an Order staying the preliminary injunction entered in this case pending State Defendants' appeal to the United States Court of Appeals for the Eleventh Circuit.

4

## II.  Discussion

### A.  Standard for Granting an Injunction Pending Appeal

Federal Rule of Civil Procedure 62(c) states, in relevant part:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

Fed. R. Civ. P. 62(c).   When evaluating motions under Rule 62(c) for stays of orders pertaining to injunctions, the Court must consider the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  "The movant must establish each of these four elements in order to prevail."  Larios v. Cox, 305 F. Supp. 2d 1335, 1336 (N.D. Ga. 2004) (per curiam).  "A stay is considered 'extraordinary relief' for which the moving party bears a 'heavy burden.'"  Id. (quoting Winston-Salem/Forsyth County Bd. of Educ. v. Scott, 404 U.S. 1221, 1231 (1971) (Burger, C.J., in chambers)).

5

**B.   Application to the State Defendants' Motion**

**1.   Likelihood of Success on the Merits**

"The first of the four factors, concerning the movant's likelihood of success on the merits, is generally considered the most important." Larios, 305 F. Supp. 2d at 1337. "A movant seeking a stay pending appeal needs to show a 'substantial likelihood of success on the merits.'" Id. (quoting Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)). The movant also may establish its burden "by showing 'a substantial case on the merits' when 'the balance of the equities weighs heavily in favor of granting the stay.'" Id. (quoting Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981)). "The more the balance of equities (represented by the other three factors) tilts in respondent's favor, the greater the movant's burden to show a likelihood of success." Id.

The State Defendants argue that they have a substantial likelihood of success on the merits on appeal. With all due respect to the State Defendants and their counsel, the Court disagrees for the reasons set forth in the Court's October 18, 2005, Order. The Court further finds, for the reasons discussed in the Court's October 18, 2005, Order, that the State Defendants have not presented a substantial case on the merits. This factor therefore counsels against entering a

6

AO 72A
(Rev. 8/82)

stay pending appeal.

**B.    Balance of the Equities**

State Defendants also argue that the balance of the equities favors granting a stay of the preliminary injunction. When balancing the equities, the Court must consider three factors: (1) whether State Defendants will suffer irreparable harm if the Court does not stay its preliminary injunction Order; (2) whether the threatened harm to State Defendants caused by not staying the preliminary injunction Order outweighs the injury to Plaintiffs that will result if the Court enters a stay; and (3) whether entering a stay of the preliminary injunction Order serves the public interest.  For the reasons discussed below, the Court finds that the balance of the equities does not favor staying the Court's October 18, 2005, Order entering a preliminary injunction.

State Defendants first argue that they and the public will suffer irreparable harm if the Court does not stay its preliminary injunction.  State Defendants observe that many local elections officials have expended resources training their poll workers and staff concerning the Photo ID requirement, that the Photo ID requirement has been used in thirty-four elections, and that disrupting the law at this late date will cause confusion for poll workers and voters. The Court certainly appreciates and understands the

7

inconvenience and expense that entering a preliminary injunction may work upon the State Defendants. For purposes of this Order, the Court therefore will assume that the State Defendants will suffer irreparable harm if the Court does not enter a stay.[1]   The Court therefore will assume that this

---

[1]

At least two of the elections officials who are Defendants in this case made statements to the press indicating that complying with the preliminary injunction would not pose a major problem. For instance, an article in the Rome News-Tribune observed:

> Floyd County Election Supervisor Evon Billups is one of seven Northwest Georgia county officials cited as class representatives of local election officials statewide.
> Billups said Tuesday she does not expect the injunction to cause confusion at the polls in November.
> "It shouldn't be hard. We'll just go back to accepting the 17 different types of identification we had," she said.

Diane Wagner, Voting ID Law Blocked for Nov. Election, Rome News-Tribune, Oct. 19, 2005, at A1.

Further, an article printed in the Atlanta Journal-Constitution provided, in relevant part:

> Shea Hicks, chairwoman of the Board of Elections and Registration in Gordon County, testified in the case that a preliminary injunction against the photo ID requirement before Nov. 8 could cause confusion among election officials, poll [workers] and voters.
> But Tuesday afternoon, Hicks said she was not expecting any problems on election day. She said it might have been tough had the county already trained its poll workers on the photo ID requirements, but she said that training is not scheduled until Oct. 27, "We'll be ready," she said.

8

factor counsels in favor of entering a stay.

The Court next must determine whether the threatened injury to State Defendants that will result if the Court does not stay its preliminary injunction Order outweighs the harm that staying the preliminary injunction would cause Plaintiffs. State Defendants assert: "Plaintiffs' only threatened injury in this case is the inability of individuals who do not currently possess and are unable to obtain a photo ID to vote in person. Such harm is not irreparable because there is no similar restriction on the ability to vote by absentee ballot." (State Defs.' Br. Supp. Mot. Stay Prelim. Inj. at 9.) For the reasons discussed in Part III.A. of the Court's October 18, 2005, Order, the Court finds State Defendants' argument unpersuasive. Specifically, the Court concludes that the Photo ID requirement unduly burdens the fundamental right to vote, and likely will cause a number of Georgia voters to be unable to cast a vote and to have their votes counted. The Court also concludes that the Photo ID requirement constitutes a poll tax.

The Court also observes that although State Defendants

---

Bill Rankin, <u>Judge Halts Voter ID Law: Foes Claiming Bias Win First Round</u>, Atlanta Journal-Constitution, Oct. 19, 2005, at A1. Those statements certainly undermine State Defendants' arguments that elections officials cannot prepare for the November 8, 2005, elections if the Court does not stay the preliminary injunction.

9

argue that the Photo ID requirement will not deprive a single Georgia voter of the right to vote, because voters without Photo IDs can vote absentee ballots, as a practical matter, a significant number of the registered Georgia voters who lack Photo IDs likely are unaware of that alternative or would not be able to navigate the absentee ballot voting process successfully. Voters who lack Photo IDs and are unaware of the absentee voting alternative, yet still desire to vote, must undertake the often difficult and burdensome process of obtaining a Photo ID card. Still others who can navigate this process successfully either must pay a fee for a Photo ID card or sign an Affidavit swearing that they are indigent and do not have the funds to pay for the card--whether or not that statement is true--to obtain a free Photo ID card. The Photo ID requirement thus has the likely effect of causing a significant number of Georgia voters to forego going to the polls or to forego obtaining and voting an absentee ballot.

The Court is mindful that the right to vote is a fundamental right and is preservative of all other rights. Denying an individual the right to vote works a serious, irreparable injury upon that individual. Given the significance of the right at issue and the likely injury caused to that right by entering a stay of the Court's preliminary injunction Order, the Court finds that the

potential injury to State Defendants caused by not entering a stay simply does not outweigh the harm to Plaintiffs that would result if the Court entered such a stay.   This factor therefore counsels against entering a stay of the preliminary injunction Order.

Finally, the Court must determine whether issuing an Order staying the preliminary injunction will serve the public interest.   At the outset, the Court acknowledges that preventing voter fraud serves the public interest by ensuring that those individuals who have registered properly to vote are allowed to vote and to have their votes counted in any given election.   As discussed in Part III.A. of the Court's October 18, 2005, Order, however, the current Photo ID requirement simply is not targeted toward eliminating or preventing the only types of voter fraud that are supported by the evidence presented thus far:   fraudulent voter registrations and fraudulent absentee voting.   Rather, HB 244 opens the door wide for fraudulent absentee voting by removing the conditions for obtaining an absentee ballot.   As discussed in Parts III.A.2. and A.3. of the Court's October 18, 2005, Order, the Photo ID requirement unduly burdens the right of many properly registered Georgia voters to vote, is a poll tax, and has the likely effect of causing many of those voters to forego voting or of precluding those voters from voting at

11

the polls. Because the right to vote is a fundamental right, removing the undue burdens on that right imposed by the Photo ID requirement serves the public interest. This factor therefore counsels against entering a stay of the preliminary injunction Order.

For the reasons discussed above, the Court finds that two of the factors that the Court must consider when deciding whether to stay a preliminary injunction pending appeal weigh in favor of denying the stay requested by State Defendants. The equities thus do not balance in favor of entering a stay. Under those circumstances, and given the Court's conclusion that State Defendants do not have a substantial likelihood of success on the merits on appeal and that State Defendants have not met their burden of showing a substantial case on the merits, the Court denies State Defendant's Motion for Stay Pending Appeal.

## III. Conclusion

ACCORDINGLY, the Court **DENIES** State Defendants' Motion for Stay Pending Appeal [48].

IT IS SO ORDERED, this the 20th day of October, 2005.

UNITED STATES DISTRICT JUDGE

AO 72A
(Rev. 8/82)