UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Rome

DEC 28 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

Common Cause/Georgia,
League of Women Voters of
Georgia, Inc.,
The Central Presbyterian
Outreach and Advocacy Center,
Inc.,
Georgia Association of Black
Elected Officials, Inc.,
The National Association for the
Advancement of Colored People (NAACP),
Inc., through its Georgia State
Conference of Branches,
Georgia Legislative Black Caucus,
Concerned Black Clergy of Metropolitan
Atlanta, Inc., and the following
qualified and registered voters under
Georgia law:
Mr. Tony Watkins and
Mrs. Clara Williams,

    Plaintiffs,

v.

CIVIL ACTION FILE
NO. 4:05-CV-0201-HLM

Ms. Evon Billups, Superintendent
of Elections for the Board of
Elections and Voter Registration
for Floyd County and the City
of Rome, Georgia,
Ms. Tracy Brown, Superintendent
of Elections of Bartow County,
Georgia,
Mr. Gary Petty, Ms. Michelle
Hudson, Ms. Amanda Spencer, Mr.
Ron McKelvey, and Ms. Nina
Crawford, members of the Board
of Elections and Registration of
Catoosa County, Georgia,
Judge John Payne, Superintendent
of Elections of Chattooga County,
Georgia,
Ms. Shea Hicks, Superintendent of

1

Elections for Gordon County,
Georgia,
Ms. Jennifer A. Johnson,
Superintendent of Elections for
Polk County, Georgia,
Mr. Sam Little, Superintendent of
Elections for Whitfield County,
Georgia, individually and in their
respective official capacities as
superintendents or members of the
elections boards in their individual
counties, and as class representatives
under Federal Rule of Civil Procedure
22(b)(1) and (b)(2) of a class
consisting of all superintendents and
members of city and county boards of
elections throughout the State of
Georgia, and
Honorable Cathy Cox, individually and
in her official capacities as
Secretary of State of Georgia and
Chair of the Georgia Elections Board,

    Defendants.

## ORDER

This is a case challenging Georgia's photographic identification requirement for voting. The case is before the Court on Plaintiffs' Motion to Certify Question of State Law to the Georgia Supreme Court [65].

On October 18, 2005, the Court entered an Order granting Plaintiffs' Motion for Preliminary Injunction. (Order of Oct. 18, 2005.) In the October 18, 2005, Order, the Court observed that the Eleventh Amendment barred the Court from considering Plaintiffs' claims that Georgia's Photo ID requirement violated the Georgia Constitution. (Id. at 72-

2

77.) The Court consequently found that Plaintiffs lacked a substantial likelihood of succeeding on the merits of their claims arising under the Georgia Constitution in federal court. (Id. at 77.) The Court, however, did not dismiss those claims at that time because the case was not before the Court on a Motion to Dismiss. (Id. at 77 n.4.) Plaintiffs' claims arising under the Georgia Constitution thus technically remain pending. (Id.)

The State Defendants appealed the Court's October 18, 2005, Order to the United States Court of Appeals for the Eleventh Circuit, and that appeal remains pending. On November 10, 2005, the State Defendants filed a Motion to Stay Proceedings Pending Resolution of Expedited Appeal to the Eleventh Circuit. On November 23, 2005, Plaintiffs responded to the State Defendants' Motion to Stay Proceedings Pending Resolution of Expedited Appeal, and also filed a Motion to Certify Question of State Law to the Georgia Supreme Court. On November 28, 2005, the Court granted the State Defendants' Motion to Stay Proceedings Pending Resolution of Expedited Appeal to the Eleventh Circuit. (Order of Nov. 28, 2005.)

Because the Court has stayed the proceedings in this case pending resolution of the State Defendants' appeal, the Court finds that it is inappropriate for the Court to certify a question of state law to the Georgia Supreme Court at this

3

time. The Court therefore denies Plaintiffs' Motion to Certify Question of State Law to the Georgia Supreme Court.

ACCORDINGLY, the Court **DENIES** Plaintiffs' Motion to Certify Question of State Law to the Georgia Supreme Court [65].

IT IS SO ORDERED, this the 18th day of December, 2005.

_____
UNITED STATES DISTRICT JUDGE