FILED IN CLERK'S OFFICE
U.S.D.C. Rome

JUN 2 9 2006

LUTHER D. THOMAS, Clerk
By: /s/ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

Common Cause/Georgia,
League of Women Voters of
Georgia, Inc.,
The Central Presbyterian
Outreach and Advocacy Center,
Inc.,
Georgia Association of Black
Elected Officials, Inc.,
The National Association for the
Advancement of Colored People (NAACP),
Inc., through its Georgia State
Conference of Branches,
Georgia Legislative Black Caucus,
Concerned Black Clergy of Metropolitan
Atlanta, Inc., and the following
qualified and registered voters under
Georgia law:
Mr. Tony Watkins and
Mrs. Clara Williams,

    Plaintiffs,

v.

CIVIL ACTION FILE
NO. 4:05-CV-0201-HLM

Ms. Evon Billups, Superintendent
of Elections for the Board of
Elections and Voter Registration
for Floyd County and the City
of Rome, Georgia,
Ms. Tracy Brown, Superintendent
of Elections of Bartow County,
Georgia,

1

Mr. Gary Petty, Ms. Michelle Hudson, Ms. Amanda Spencer, Mr. Ron McKelvey, and Ms. Nina Crawford, members of the Board of Elections and Registration of Catoosa County, Georgia,
Judge John Payne, Superintendent of Elections of Chattooga County, Georgia,
Ms. Shea Hicks, Superintendent of Elections for Gordon County, Georgia,
Ms. Jennifer A. Johnson, Superintendent of Elections for Polk County, Georgia,
Mr. Sam Little, Superintendent of Elections for Whitfield County, Georgia, individually and in their respective official capacities as superintendents or members of the elections boards in their individual counties, and as class representatives under Federal Rule of Civil Procedure 22(b)(1) and (b)(2) of a class consisting of all superintendents and members of city and county boards of elections throughout the State of Georgia, and
Honorable Cathy Cox, individually and in her official capacities as Secretary of State of Georgia and Chair of the Georgia Elections Board,

    Defendants.

AO 72A
(Rev. 8/82)

# ORDER

This is a case challenging Georgia's photographic identification ("Photo ID") requirement for voting. The case is before the Court on the State Defendants' Motion to Dismiss Second Amended Complaint for Declaratory and Injunctive Relief in Part Pursuant to Fed. R. Civ. P. 12(b)(6) [90] and on Plaintiffs' Renewed Motion to Certify Question of Law to Georgia Supreme Court [94].

## I.   Motion to Dismiss

The State Defendants have moved to dismiss Counts One and Three of Plaintiffs' Second Amended Complaint, as well as the portions of Counts Two, Five, and Six of Plaintiffs' Second Amended Complaint that challenge the 2005 Photo ID Act. Count One of Plaintiffs' Second Amended Complaint asserts that both the 2005 Photo ID Act and the 2006 Photo ID Act violate Article II, Section I, Paragraph II of the Georgia Constitution. Count Two of Plaintiffs' Second Amended Complaint alleges that the 2005 Photo ID Act and the 2006 Photo ID Act impose an undue burden on the right to vote, in violation of the Equal Protection Clause. Count Three of Plaintiffs' Second Amended

3

Complaint asserts that the 2005 Photo ID Act imposes an unconstitutional poll tax on the right to vote, in violation of the Fourteenth and Twenty-Fourth Amendments. Count Five of Plaintiffs' Second Amended Complaint alleges that the 2005 Photo ID Act and the 2006 Photo ID Act violate the Civil Rights Act of 1964, while Count Six of Plaintiffs' Second Amended Complaint contends that the 2005 Photo ID Act and the 2006 Photo ID Act violate Section 2 of the Voting Rights Act, 42 U.S.C.A. § 1973(a).

### A.   Claims Under the Georgia Constitution

Defendants argue that the Eleventh Amendment bars the claims asserted in Count One of Plaintiffs' Second Amended Complaint. In their response to Defendants' Motion to Dismiss, Plaintiffs state:

> Because the state has objected to this Court's jurisdiction over certain state law claims, Plaintiffs agree that the Court can not exercise jurisdiction over those specific claims based solely on state law. However, whether or not the Photo ID legislation violates the Georgia Constitution remains relevant to the question of whether the legislation is supported by *any* legitimate state interest for the purposes of the plaintiffs' federal constitutional claims, as explained in the plaintiffs' Renewed Motion to Certify Question of State Law to the Georgia Supreme Court.

4

AO 72A
(Rev. 8/82)

(Pls.' Resp. Opp'n State Defs.' Mot. Dismiss at 3 (emphasis in original; footnote omitted).) Plaintiffs therefore request that the Court certify the following question to the Georgia Supreme Court:

> Whether the 2005 and 2006 amendments to O.C.G.A. § 21-2-417 violate the Georgia Constitution by imposing a requirement that registered voters present an approved form of photographic identification as a condition to voting in person at all federal, state and local elections in Georgia.

(Pls.' Renewed Mot. Certify Question State Law at 4.)

For the same reasons as set forth in the Court's October 18, 2005, Order addressing Plaintiffs' claim that the 2005 Photo ID Act violated the Georgia Constitution, the Court finds that the Eleventh Amendment bars Plaintiffs' claims in Count One of their Second Amended Complaint that the 2005 Photo ID Act and the 2006 Photo ID Act violate the Georgia Constitution.  Common Cause/Georgia v. Billups, 406 F. Supp. 2d 1326, 1357-1359 (N.D. Ga. 2005).  The Court therefore lacks jurisdiction to consider those claims. Consequently, the Court grants Defendants' Motion to Dismiss with respect to Count One of Plaintiffs' Second Amended Complaint.

The Court further declines to certify Plaintiffs' claims arising under

the Georgia Constitution to the Supreme Court of Georgia. In particular, the Court observes that it would be highly inappropriate for the Court to certify claims over which it lacks jurisdiction to the Supreme Court of Georgia for a ruling. Additionally, because the Court finds that the question concerning whether the 2005 and 2006 Photo Identification Acts violate the Georgia Constitution is not determinative of Plaintiffs' remaining federal claims, the Court declines to certify Plaintiffs' requested question to the Supreme Court of Georgia.

### B.  Claims Involving the 2005 Photo ID Act

Defendants also have moved to dismiss Plaintiffs' claims involving the 2005 Photo ID Act. Defendants argue that in light of the Legislature's enactment of the 2006 Photo ID Act, and the United States Department of Justice's decision granting preclearance of that Act, Plaintiffs' claims concerning the 2005 Photo ID Act are moot. Plaintiffs oppose Defendants' Motion, observing:

> Plaintiffs' position is simple: both the 2005 Act and the 2006 Act are unconstitutional. Defendants state that any argument with respect to the 2005 Act is moot. However, this can *only* be true if the 2005 Act will never become law.
> . . .

> The state defendants purport to meet [the standard for succeeding on a motion to dismiss] by arguing that the 2006 Act repealed the 2005 Photo ID Act. However, because plaintiffs are seeking a ruling by this Court that the 2006 Act is unconstitutional, null and void, it remains possible that the portion of the 2006 Act that repealed the 2005 Act would also become null and void. This could revive the 2005 Act as the law in Georgia. Under that set of facts, the claims against the 2005 Act would not be moot.
>
> As the defendants point out in their motion, the 2005 Act was preliminarily enjoined by this Court because it is unconstitutional. If defendants believe, and are willing to stipulate that, as a result of the Court's October 2005 ruling or some other operation of law, the 2005 Act will not be revived should the 2006 Act be declared null and void, then plaintiffs agree that their claims with regard to the 2005 Act are moot.

(Pls.' Resp. Opp'n State Defs.' Mot. Dismiss at 2-3 (emphasis in original; footnote omitted).)

"Article III of the Constitution limits the jurisdiction of federal courts to 'cases' and 'controversies.'" Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1327 (11th Cir. 2004). If a suit or claim is moot, the suit or claim cannot present a case or controversy under Article III, and the federal courts lack subject matter jurisdiction to

7

entertain the suit or claim. Id. at 1328. "Mootness can occur due to a change in circumstances, or, as here, a change in the law." Id. The United States Court of Appeals for the Eleventh Circuit has observed: "'[W]hen a subsequent law brings the existing controversy to an end the case becomes moot and should be treated accordingly.'" Id. (quoting Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1310 (11th Cir. 2000)).

"Generally, a challenge to the constitutionality of a statute is mooted by repeal of the statute." Coral Springs St. Sys., 371 F.3d at 1329. "An important exception to this general rule applies if there is a substantial likelihood that the challenged statutory language will be reenacted." Id. The Supreme Court, however, ordinarily "has declined to hold moot a challenge to a repealed law only when the law is reasonably likely to be reenacted or when it is replaced by another constitutionally suspect law." Id. at 1330.

Here, the Georgia Legislature enacted the 2006 Photo ID Act to replace the 2005 Photo ID Act, and counsel for the State Defendants has represented to the Court repeatedly that the State Defendants do not intend to pursue the 2005 Photo ID Act, or to seek to enforce it,

8

after the 2006 Photo ID Act's preclearance by the Justice Department. For all intents and purposes, then, the 2005 Photo ID Act has been repealed and is not reasonably likely to be reenacted by the Georgia Legislature. The Court therefore concludes that the portions of Plaintiffs' Second Amended Complaint that challenge the 2005 Photo ID Act are moot. Consequently, the Court dismisses Count Three of Plaintiffs' Second Amended Complaint, as well as the portions of Counts Two, Five, and Six of Plaintiffs' Second Amended Complaint that challenge the 2005 Photo ID Act.

## II. Plaintiffs' Renewed Motion to Certify Question of State Law to the Georgia Supreme Court

As discussed supra Part I.A., Plaintiffs have renewed their request that the Court certify to the Supreme Court of Georgia the question of whether the 2005 Photo ID Act and the 2006 Photo ID Act violate the Georgia Constitution. For the reasons stated supra Part I.A., the Court finds that such certification is inappropriate. The Court therefore denies Plaintiffs' Renewed Motion to Certify Question of State Law to the Georgia Supreme Court.

AO 72A (Rev. 8/82)

### III. Conclusion

ACCORDINGLY, the Court **GRANTS** the State Defendants' Motion to Dismiss Second Amended Complaint for Declaratory and Injunctive Relief in Part Pursuant to Fed. R. Civ. P. 12(b)(6) [90], and **DENIES** Plaintiffs' Renewed Motion to Certify Question of Law to Georgia Supreme Court [94]. The Court **DISMISSES** Counts One and Three of Plaintiffs' Second Amended Complaint, as well as the portions of Counts Two, Five, and Six of Plaintiffs' Second Amended Complaint that challenge the 2005 Photo ID Act.

IT IS SO ORDERED, this the 29th day of June, 2006.

_____
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev. 8/82)