IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Rome

AUG 1 5 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

Common Cause/Georgia,
League of Women Voters of
Georgia, Inc., et al.,

    Plaintiffs,

v.

Ms. Evon Billups, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 4:05-CV-0201-HLM

## ORDER

This case is before the Court on the State Defendants' Emergency Motion for Protective Order [167].

### I.    Background

On August 13, 2007, Plaintiffs filed a Notice to Take Deposition of Dr. Trey Hood. (Docket Entry No. 158.) Counsel apparently agreed, at least tentatively, that the State Defendants could conduct a discovery deposition of Dr. Hood prior to the

AO 72A

deposition for use at trial. Although Plaintiffs' counsel initially proposed to allow the State Defendants to conduct the discovery deposition ninety minutes before Dr. Hood's scheduled deposition for trial, counsel for the State Defendants rejected that proposal. Counsel ultimately proposed to conduct a discovery deposition of Dr. Hood on the afternoon of August 15, 2007.

On August 14, 2007, the State Defendants filed an Emergency Motion for Protective Order, seeking a protective order from Plaintiffs' Notice of Deposition of Dr. Trey Hood for use as evidence in the trial of this case. (Docket Entry No. 167.) The State Defendants argued that Plaintiffs had not provided the State Defendants with all of the information required by Federal Rule of Civil Procedure 26(a)(2)(B), and that, to the extent that Plaintiffs provided any of that information, Plaintiffs failed to provide the information sufficiently early to allow the State Defendants to prepare for a discovery deposition of Dr. Hood on August 15, 2007.

The State Defendants contended that Plaintiffs failed to provide them with an expert report for Dr. Hood, as anticipated by Rule 26(a)(2)(B), that Plaintiffs had not provided all of the data and exhibits that purportedly support Dr. Hood's opinions, and that Plaintiffs failed to provide a listing of any other cases in which Dr. Hood has testified as an expert at trial or by deposition within the preceding four years.

Plaintiffs filed their response to the State Defendants' Emergency Motion for Protective Order on August 14, 2007. (Docket Entry No. 168.) In their response, Plaintiffs stated that they had provided the State Defendants with two reports prepared by Dr. Hood that form the basis of Dr. Hood's testimony. Plaintiffs further noted that they paid Dr. Hood $150.00 per hour for two hours of work spent preparing analyses of data that Dr. Hood used to prepare his academic paper, and that they provided those data analyses to the State Defendants. Plaintiffs also stated that Dr. Hood has indicated that he is not inclined to release the data

3

AO 72A

underlying his papers publicly, and that Dr. Hood has not previously testified as an expert witness, either by deposition or by trial. Plaintiffs contended that they complied with all of the requirements of Rule 26(a)(2)(B).

On August 15, 2007, the State Defendants filed their reply in support of their Emergency Motion for Protective Order. (Docket Entry No. 169.) In their reply, the State Defendants noted that Plaintiffs had not provided all of the data that supports Dr. Hood's opinions, and that, in any event, Plaintiffs did not provide the State Defendants with all necessary data soon enough to allow the State Defendants to prepare adequately for Dr. Hood's discovery deposition on August 15, 2007. The State Defendants further contended that allowing Plaintiffs to take Dr. Hood's deposition for use at trial, without first affording the State Defendants an opportunity to take Dr. Hood's discovery deposition, would unduly prejudice the State Defendants.

4

## II. Discussion

As an initial matter, the Court agrees with the State Defendants that allowing Plaintiffs to preserve Dr. Hood's testimony for trial without <u>first</u> providing the State Defendants an opportunity to take a discovery deposition of Dr. Hood will unduly prejudice the State Defendants. Thus, the Court finds that Plaintiffs must present Dr. Hood to the State Defendants for a discovery deposition <u>before</u> Plaintiffs take Dr. Hood's deposition for use at trial. Unless and until the State Defendants have an opportunity to take Dr. Hood's discovery deposition, Plaintiffs may not attempt to present expert testimony from Dr. Hood at trial or via a deposition for use at trial.

Additionally, the Court finds that Plaintiffs must provide all of the information required by Federal Rule of Civil Procedure 26(a)(2)(B) prior to the discovery deposition of Dr. Hood. Rule 26(a)(2)(B) provides:

5

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). Given the plain language of Federal Rule 26(a)(2)(B), if Plaintiffs plan to use Dr. Hood as an expert witness, then Plaintiffs must produce all of the data upon which Dr. Hood relied to form his expert opinions. The State Defendants are correct in noting that Plaintiffs, not the State Defendants, bear the

obligation of obtaining the data from Dr. Hood. The Court cannot find, based on the information that Plaintiffs provided to the Court, that Plaintiffs have provided all of the data on which Dr. Hood relied to the State Defendants. Additionally, under Rule 26(a)(2)(B) Plaintiffs must produce an expert report from Dr. Hood that is signed by Dr. Hood. Neither of the papers that Plaintiffs filed with the Court as exhibits clearly satisfy the signature requirement. The Court therefore finds that, for purposes of the State Defendants' Emergency Motion for Protective Order, Plaintiffs have not yet provided the State Defendants with all of the information required by Rule 26(a)(2)(B).

Plaintiffs must provide the information discussed above prior to Dr. Hood's discovery deposition. If Dr. Hood refuses to release the data supporting his papers to the State Defendants, Plaintiffs may not present expert testimony from Dr. Hood at trial or via a deposition for use at trial.

7

AO 72A

The Court further finds that Plaintiffs must provide the State Defendants with the information discussed above sufficiently in advance of Dr. Hood's discovery deposition to allow the State Defendants a fair opportunity to prepare for that deposition. Even if the information provided by Plaintiffs to date somehow satisfies Rule 26(a)(2)(B), Plaintiffs apparently did not provide much of the information until late in the evening of August 14, 2007--less than twenty-four hours prior to Dr. Hood's discovery deposition. Plaintiffs thus did not provide the information sufficiently early to allow the State Defendants an adequate opportunity to prepare for Dr. Hood's discovery deposition. For that reason alone, an Order postponing Dr. Hood's trial deposition is warranted.

In sum, if Plaintiffs wish to present expert testimony from Dr. Hood at trial, Plaintiffs must allow the State Defendants an opportunity to conduct a discovery deposition of Dr. Hood <u>before</u> Plaintiffs present Dr. Hood's testimony at trial or take Dr. Hood's deposition for use at trial. Plaintiffs also must comply with

8

Rule 26(a)(2)(B), and Plaintiffs must do so sufficiently in advance of Dr. Hood's discovery deposition to afford the State Defendants an adequate opportunity to prepare for that discovery deposition. Because Plaintiffs either have not provided all of the information required by Rule 26(a)(2)(B), or failed to do so sufficiently early to allow the State Defendants an adequate opportunity to prepare for Dr. Hood's August 15, 2007, discovery deposition, Plaintiffs may not take Dr. Hood's trial deposition as noticed.

The Court expects counsel to confer and to arrange a mutually agreeable date and time for Dr. Hood's discovery deposition, following Plaintiffs' production of the data underlying Dr. Hood's opinions. The Court well understands the time pressure that counsel are experiencing, and notes that neither side bears sole responsibility for those circumstances. The Court expects counsel to continue cooperating with one another to complete necessary pre-trial discovery and other matters so that this case may proceed to a final trial on the merits as scheduled on August 22, 2007.

## III.  Conclusion

ACCORDINGLY, the Court **GRANTS** the State Defendants' Emergency Motion for Protective Order [167]. The trial deposition of Dr. Trey Hood may not occur as noticed by Plaintiffs in their Notice to Take Deposition of Dr. Trey Hood.

IT IS SO ORDERED, this the 15th day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE

10

AO 72A